Dear Mr. Sternfels:
Your request for an attorney general opinion under letter dated March 12, 1992 has been referred to me for research and reply. Your question is two-part, as you ask (1) who assumes the responsibility of the Chief of Police while he is incarcerated and unable to perform his duties, and (2) can the Village of Napoleonville contract with the Sheriff's Office of Assumption Parish to provide police protection while the Chief of Police cannot perform his duties.
The Village of Napoleonville is governed by a Mayor and a Board of Aldermen and is a Lawrason Act municipality. The Chief of Police of the Village of Napoleonville is an elected official. The provisions of LSA-R.S. 33:321 et. seq. govern Lawrason Act municipalities and are applicable herein.
First, we note the general definition of "vacancy" is stated in LSA-R.S. 18:581:
 "A vacancy occurs in an elective office when the office is or will be unoccupied by reason of the death of the official who was elected to the office, or by reason of his retirement or resignation, removal from office by any means, failure to take office for any reason, or when it becomes certain that the person elected to the office will not take the office on the day when the term for which he was elected commences."
It is the opinion of this office that the incarceration of the Chief of Police does not create a vacancy of the office. The Chief of Police retains his office and his inherent powers to supervise the police department and police personnel as provided in LSA-R.S. 33:423. Further, the Chief of Police of the Village of Napoleonville may not be removed from office by the Mayor and Board of Aldermen because of his present incarceration. An elected chief of police may be involuntarily removed from office only through the recall election process contained in LSA-R.S.18:1300.1. Upon conviction of a felony, a public officer is immediately suspended from his office and is subject to removal when the conviction is final. LSA-R.S. 42:1411.
Pursuant to the provisions of LSA-R.S. 33:362(3), the Board of Aldermen shall, by ordinance, "provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." It is suggested that pursuant to this provision the Board of Aldermen could, by ordinance, create the position of Assistant Chief of Police. The Chief of Police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel" pursuant to LSA-R.S. 33:423 and it is further suggested that the Chief of Police of Napoleonville be consulted for his recommendation in this matter.
Finally, we answer your second question in the affirmative. LSA-R.S. 33:1324 provides, in pertinent part:
 "Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves. . . . to activities concerning. . . . police, fire and health protection." (Emphasis added).
It is the opinion of this office that the Village of Napoleonville may contract with the Sheriff's Office of Assumption Parish for law enforcement services.
If you should have any further questions regarding this matter, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK:klk 0051E